```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND
```

RICHARD BUNN                    *
                                *
v.                              *
                                *   Civil Action No. WMN-10-255
OLDENDORFF CARRIERS             *
 GmbH & CO. K. G.               *
                                *
    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM AND ORDER

This case arises from Plaintiff's slip and fall on board the MV Christoffer Oldendorff during an ice storm in February 2007. Plaintiff Richard Bunn was a deck foreman employed by CNX Marine Terminals, Inc. (CNX), the owner/operator of a coal loading facility in the Baltimore harbor. Defendant Oldendorff Carriers GmbH & Co. K.G is the owner of the Christoffer Oldendorff.

On January 14, 2011, the Court denied Defendant's motion for summary judgment following a line of cases that have held that, when a ship owner voluntarily and affirmatively undertakes to remedy an unsafe condition, but fails to do so, liability can attach to the ship owner. ECF No. 32 at 6 (citing Lieggi v. Maritime Co. of the Philippines, 667 F.2d 324 (2nd Cir. 1981); Bueno v. United States, 687 F.2d 318 (9th Cir. 1983)). In reaching that decision, the Court relied on the testimony of Jody White, a CNX employee, who met with the ship's Chief Officer, Andriy Fediv, prior to the commencement of

loading operations.  White testified that the Chief Officer promised to salt and sand pathways to those portions of the ship CNX employees would need to traverse during the loading operations.

In that January 14, 2011, Memorandum and Order, the Court also granted Defendant an additional opportunity to oppose a cross motion that had been filed by Plaintiff.  Defendant subsequently filed a supplemental opposition to Plaintiff's motion, and a motion for reconsideration of the Court's order denying its summary judgment motion.  Defendant submitted with that pleading the affidavit of Chief Officer Fediv, in which Fediv contradicts much of White's version of their pre-loading conversation.  Specifically, Fediv denied any request made by White to clear particular portions of the deck and denies having made any promise to do so.  Fediv Aff. ¶ 8.  The Court held that the conflict between Fediv's affidavit and White's testimony created a genuine dispute as to a material fact, rendering it inappropriate to grant summary judgment in Plaintiff's favor. The Court also denied Defendant's motion for reconsideration for the same reasons.

Thus, there was no question that the central determination regarding liability to be reached at trial was whether Fediv had promised to clear those portions of the deck where those unloading the vessel would need to traverse.  The Court

instructed the jury accordingly.  The Court stated the general rule derived from Scindia Steam Navigation Co. Ltd. v. De Los Santos, 451 U.S. 156 (1981), and its progeny that, "[o]nce loading or unloading of a ship by a stevedoring company has begun, the responsibility for safe working conditions is generally the burden of the terminal or stevedoring company, in this case CNX Marine Terminal."  The Court also gave an instruction setting out the limited but potentially relevant exception to that general rule:  "A shipowner, Oldendorff Carriers in this case, will only be responsible, or liable for injury resulting directly from an unsafe condition on the ship of which it was aware and which it voluntarily agreed and undertook to remedy, but failed to do so."

   At trial, White and Fediv testified consistent with their earlier testimony.  The jury obviously found White's testimony to be more credible.  On that basis and consistent with the Court's instructions, the jury returned a verdict in favor of Plaintiff.

   Defendant has now filed a motion for judgment as a matter of law, ECF No. 86, raising essentially the same arguments raised in Defendant's motion for summary judgment and motion for reconsideration, arguments that were considered and rejected by the Court.  Defendant devotes the majority of its briefing putting forward the rule that a ship owner has no duty to warn

or to remedy open and obvious hazards and that ice on the ship's deck during an ice storm is such an open and obvious hazard. The validity of that rule or its applicability to ice on the deck under general circumstances has never been in dispute. What was in dispute was whether Fediv voluntarily assumed the responsibility for salting and sanding the ice in the places where he knew CNX personnel would be working.[1]  Plaintiff's consistent position has been that, while ice on the deck may be open and obvious, it was not obvious that the ship owner would promise to take care of the hazard, and then not do so.

In its motion, Defendant largely ignores the history of this litigation, confidently declaring that "the conversation between the chief officer and the shift supervisor is irrelevant."  ECF No. at 11.  In its reply brief, Defendant largely ignores the finding of the jury, opining that White "probably . . . never asked Chief Officer Fediv to salt and sand in the first place – as the Chief Officer unequivocally testified."  ECF No. 89 at 5.  White, however, unequivocally testified otherwise.  The jury believed White.

---

[1] Defendant seriously mischaracterizes this argument, contending that "plaintiff now claims that the fact that every square inch of the ship's deck was not salted or sanded" gave rise to Defendant's liability.  ECF No. 89 at 2.  Plaintiff has, throughout the course of this litigation, contended that Fediv promised to have his crew salt and sand only those areas of the ship where CNX employees would need to go to safely unload the cargo.

Accordingly, it is this 5th day of July, 2012, by the United States District Court for the District of Maryland, ORDERED;

1) That Defendant's motion for judgment as a matter of law, ECF No. 86, is DENIED; and

2) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

                                _____/s/_____
                                William M. Nickerson
                                Senior United States District Judge